Reed v. Jewett.

## REED vs. JEWETT.

Where both parties proved that a bill of sale, though absolute in its terms,
was intended only as collateral security for a debt due, and this done with
good faith; the transfer was holden valid as a mortgage.

Whether such proof is open to the vendee, if objected to, in a question be-
tween him and an attaching creditor of the vendor—*quære*.

If a bill of sale absolute on its face, was in truth made. for collateral se-
curity only ;—or if the possession of a chattel remains in the vendor, after
sale ;—neither of these circumstances is conclusive evidence of fraud, *per
se ;* but is only a fact to be considered by the jury in determining the
question of fraud.

THIS was an action of replevin for a carding machine.    The de-
fendant pleaded that it was the property of one *Solomon Bangs ;*
and that he, as a deputy sheriff, attached it *Oct.* 25, 1824, on a writ
in favor of one *Cyrus Bangs* against said *Solomon.*    The plaintiff
traversed this allegation of property, affirming it to be in himself, on
which issue was taken.

The plaintiff, to prove his title to the property, produced at the
trial before *Weston J.* a bill of parcels, dated *Sept.* 26, 1824, and

Reed *v.* Jewett.

receipted, by which *Solomon Bangs* professed to sell him the machine for two hundred and forty dollars. It was then standing in the shop occupied by the vendor, from which it was never removed.

It appeared from the testimony of witnesses, introduced by both parties, without objection from either, that the machine was worth two hundred and fifty dollars; and that it was built for *Solomon Bangs,* but was not his property till the day on which he conveyed it to the plaintiff. On this day, the plaintiff having lent and advanced 80 dollars to *Bangs,* it was agreed that the machine should be conveyed to him to secure the repayment of that sum; which was accordingly done, by the bill of parcels above mentioned, with the consent of the person who made it, and who at the same time transferred the property to *Bangs,* by charging him, on book, with the machine. The vendor, at that time, was in good business and credit; but on the 20th of *September* he suddenly absconded, to avoid a criminal prosecution. On the day previous to his leaving the State, he caused the writ to be made against himself, on which the property was attached, in favor of his brother *Cyrus Bangs,* to secure a debt justly due him; and delivered it to the defendant for service, with a schedule of the property to be attached; omitting the machine in question, which he informed a witness was already conveyed to the present plaintiff. *Cyrus Bangs* at this time was in a distant State, ignorant of these proceedings. On his arrival, several days afterwards, at *Gardiner,* where these transactions took place, he was informed of the facts; but being advised that the plaintiff's title was invalid, he caused the machine to be attached. The officer never removed it, nor placed it in the care or custody of any person, but simply returned it on the writ as attached. It continued to stand in the apartment where it was originally set up, which was in the same building in which it was made, formerly occupied by *Solomon Bangs,* and afterwards by his successor in the same business. The plaintiff once took away some parts of the machine, intending to remove it; but returned them before the attachment, it being very cumbrous and expensive to remove. He applied to the tenant of the building, to suffer the machine to remain there; who declined on account of the inconvenience it would occasion, and desired him to remove it. In

13

---

Reed *v.* Jewett.

---

consequence of the sacrifices of the property of *Solomon Bangs*, by sheriffs' sales, he proved to be insolvent.

Upon this evidence it was contended for the defendant, that the bill of sale was invalid, against the creditors of the vendor; because it purported to be an absolute transfer of the property, when in fact it was not so; or, if it was, the price was grossly inadequate, and for this cause it was void. It also was urged that the plaintiff ought not to be permitted, by parol proof, to contradict the written evidence of title, under which he claimed to hold the property; and that, in any view of the case, the transfer was incomplete, for want of delivery of the property intended to be sold.

But the Judge instructed the jury that, although a bill of sale, under circumstances like these, might be regarded as strong evidence of fraudulent intention in the parties to it; yet it was not conclusive. If they were satisfied that the object and intent of the parties was only to secure the plaintiff for the money by him advanced on the faith of the instrument, and not to prevent an attachment of the machine by the creditors of the vendor, nor to delay or defraud them; nor to secure to him the excess of value, beyond the amount due to the plaintiff; then their verdict ought to be for the plaintiff. But if they belived that the intent of the parties was to secure this excess of value, by any secret trust or confidence, to *Bangs*, they ought to find for the defendant. And they returned a verdict for the plaintiff; which was taken subject to the opinion of the court upon the instructions given them by the Judge.

*Allen*, for the defendant. The money actually paid by the plaintiff being less than one third of the real value of the machine, the transfer was a legal fraud, for inadequacy of price; and the jury ought so to have been instructed. There was no question of intent. Whatever might be the moral character of the transaction, if its direct and inevitable tendency was to place the property of the debtor out of the reach of his creditors, without a full and fair equivalent, it is void in law, as against them. There being no facts in dispute, the question of intent did not arise; the office of the jury was merely to return a verdict under the direction of the judge with whom the de-

Reed v. Jewett.

cision of the cause rested, as a matter of law.  *Sturtevant v. Ballard* 9. *Johns.* 342.  *Hamilton v. Russell* 1. *Cranch* 309.

It is also void for its falshood ; as it purports to be an absolute sale, for 240 dollars, when in truth it was a pretended pledge for eighty.

Nor was there any delivery of the machine to the plaintiff.  The general rule on this subject is well settled, that without delivery of possession to the vendee, the transfer is incomplete.  *Edwards v. Harbin* 2. *D. & E.* 587.  1. *Esp.* 205.  1. *Campb.* 332.  1. *Cranch* 309.  *Putnam v. Dutch* 8. *Mass.* 287.  *Lamb v. Durant* 12. *Mass.* 54.  *Davis v. Cope* 4. *Binn.* 258.  This rule has been relaxed only in cases of necessity, where the property is incapable of any other than a symbolical delivery ; but never in a case of the sale of goods, however ponderous, which, though capable of removal, still remained in the possession of the vendor, and for which less than one third of the value had been paid.  The only case which seems an exception is *Brooks v. Powers* 15. *Mass.* 246; but there, it should be observed, a full consideration was paid ; and it was part of the original agreement that the property sold should remain for a limited time, and for a particular purpose, in the possession of the vendor.

As a pledge, the transaction is void, for the same want of possession delivered.  But the plaintiff has no right to have it thus regarded. If the instrument offered by him in evidence speaks the truth, it was no pledge.  If it does not, the whole is void, being an attempt to deceive and defraud.

*Evans*, for the plaintiff.  The law does not vacate a sale of goods for want of technical precision in its formalities.  It regards solely their intent ; which it carries into effect, if it was honest and fair. And this question of intent is always submitted to the jury.  In the present case the jury have found it to be such as the law approves ; and the objection of the defendant is therefore reduced to a mere question of form, in the transfer of goods, where every thing substantial has been complied with.  *Jewett v. Warren* 12. *Mass.* 300. *New Eng. Mar. Ins. Co. v. Chandler* 16 *Mass.* 275.  *Wheeler v. Train* 3. *Pick.* 257.

In this view of the case, the inadequacy of price forms no bar At most, in cases of absolute sale, it is only one of the signs of fraud,

which in this instance the jury have negatived. But if the transaction is viewed in its true character, as a pledge, the objection does not apply. 2. *Pow. on Contr.* 152.

If possession was not actually given to the vendee, or pawnee, it is not, *per se*, conclusive evidence of fraud. It is merely a fact to be considered by the jury; and from which they may infer fraud, if it is left wholly unexplained. *Brooks v. Powers* 15. *Mass.* 246. *Bartlett v. Williams* 1. *Pick.* 288. *Badlam v. Tucker* 1. *Pick.* 389. *Haskell & al. v. Greely* 3. *Greenl.* 425. *Leonard v. Baker* 1. *Maule & Selw.* 251. *Beals v. Guersny* 8. *Johns.* 446. 7. *Taunt.* 148. *Ludlow v. Hurd* 19. *Johns.* 220. 15. *Johns.* 583. 4. *Mass.* 663. 12 *Mass.* 378. 9. *Johns.* 135. But here was all the possession given which the article admitted. It was cumbrous, designed for sale, and in a fit place for that purpose; and so left by the defendant himself, which is conclusive against him, that no other possession was convenient or necessary. *Allen v. Smith* 10. *Mass.* 308. *Rice v. Austin* 17. *Mass.* 204. The plaintiff certainly had all the possession which his vendor had before him; which ought to be sufficient, since it was not such as to enable him to acquire a false credit. By sustaining the transaction, ample justice will be done to all; the plaintiff being repaid his money, and the surplus being within the reach of creditors by the process of foreign attachment. *Burlingham v. Bell* 16. *Mass.* 320. *Badlam v. Tucker* 1. *Pick.* 389. 16. *Mass.* 278.

M ELLEN C. J. delivered the opinion of the Court at the ensuing term in *Penobscot.*

This is an action of replevin for a carding machine; and the question upon the issue joined is, whether, at the time it was taken by the defendant, it was the property of the plaintiff. His title is under a bill of sale from *Solomon Bangs,* who was the undisputed owner at the time the bill was given, viz. *September* 6, 1824. By this it appears that the value of the machine was $240, and by the report it appears that *Bangs* then owed the plaintiff $80, and no more; and that the machine was worth $250. Though the bill of sale is absolute in form, yet by the report of the evidence intro-

duced by both parties without any objection from either, it is apparent that the conveyance to the plaintiff was intended as his security for the $80 advanced to *Bangs;* and that the plaintiff claimed nothing more than the amount of his demand against *Bangs.* The alleged inadequacy of the price is relied on to shew that the transaction cannot be sanctioned as a sale ; and that the bill of sale being absolute on the face of it, the plaintiff cannot be permitted to claim under it as a mortgage or a pledge ; and it is further contended that, as possession did not accompany the conveyance, whatever it was, it must be deemed fraudulent and void. The jury, however, under the instructions they received, upon view of all the evidence, have found that the conveyance was not fraudulent, but fair, honest and *bona fide.* The only inquiry, then, is whether the instructions given by the presiding judge were correct and proper. He stated to them that although a bill of sale, under the circumstances disclosed on the trial, might be regarded as strong evidence of fraudulent intention in the parties *to it;* yet that it was not conclusive ; and that if they should be satisfied that the object of the parties was only to secure the plaintiff for the money he had advanced, and not to prevent an attachment of the machine by the creditors of *Bangs,* or in any manner to delay or defraud them, they ought to return a verdict for defendant, as they did. If the instruction was correct as to their considering the bill of sale conditional, and intended merely as security, then the objection as to inadequacy of price *is* of no importance. To the principal point several cases have been cited in the argument. In *New Eng. Mar. Ins. Co. v. Chandler* 16. *Mass.* 275, the defendant had assigned and transferred, by an unconditional conveyance, certain shares of insurance stock to *Burroughs,* the trustee ; but on his disclosure it appeared that the transfer was as collateral security for a debt due to the *Union Bank,* of which he was cashier, and for no other purpose ; and though it was contended that the transfer was fraudulent as against creditors, on account of the absolute form, yet, as the whole transaction was fair and honest, the court sanctioned it ; and adjudged *Burroughs'* trustee only for the balance remaining in his hands, after payment of the debt to the bank. To this point see also the opinion of the court in *Harrison & al. v.*

*Trustees of Phillips Academy* 12. *Mass.* 456, as to the intention of parties to make a conveyance merely a mortgage, though absolute in its form. To the same point also may be cited *Jewett v. Warren* 12. *Mass.* 300. *Bartlett v. Williams* 1. *Pick.* 295, and *Badlam v. Tucker ib.* 389. We would again observe that in the present case, both parties have proved that the bill of sale, though absolute on its face, was intended merely as security; and why should their intention be defeated?

With respect to the question of possession, it is not necessary particularly to examine the facts detailed in the report. If there was, not as distinct a change of possession as there might have been after the conveyance, it would seem that the machine was in such a place, and under such circumstances, as not to deceive others. But be that as it may; it is too late to question those principles of law which have so long and so uniformly been acknowledged and adhered to by the courts of the parent State; and by this court since its organization, upon this subject. For although English cases and those of the courts of the United States appear to have decided, that when possession of a chattel is continued by a vendor, after sale, and such possession is inconsistent with the terms of the bill of sale, it is fraud *per se;* still that has never been received as law in Massachusetts, or this State. It is only evidence of fraud to be submitted to a jury. It is often of a very decisive character; and from such evidence the jury may infer fraud, and pronounce the sale void. To this point we will only cite *Brooks v. Powers* 15. *Mass.* 247; the cases before cited from 1. *Pick.* 295. 389. and *Haskell v. Greely* 3. *Greenl.* 425.

We perceive no error in the instruction to the jury. The defendant may be summoned as the trustee of *Solomon Bangs;* and in this manner the difference between the plaintiff's demand and the value of the machine may be secured for the use of any creditor who may incline to adopt this mode of proceeding, as was done in the above case of *N. E. Mar. Ins. Co. v. Chandler.* There must be

*Judgment on the verdict.*